IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MARK STINSON                                                                    PETITIONER
Reg. #29908-076

v.                              Case No. 2:19-cv-00016 BSM-JTK

DEWAYNE HENDRIX,                                                       RESPONDENT
*Warden*, Forrest City Prison Camp

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Mark Stinson for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry #1, Petition) Petitioner is a federal prisoner incarcerated in Forrest City, Arkansas. He was convicted in the Western District of Tennessee on December 8, 2017, of conspiracy to defraud the United States; theft of government funds; aggravated identify theft (two counts); failure to collect, truthfully account for and pay payroll taxes (five counts); and filing false statements on a tax document (five counts). (Docket Entry #9-1, Judgment). *United States v. Mark Stinson*, Case No. 2:16-cr-20247-001-JTF. The Court sentenced

Stinson to 75 months imprisonment. *Id.* Stinson's wife, Jayton Stinson, was also indicted; she pleaded guilty to one count and received twelve months imprisonment. *See United States v. Stinson*, 761 Fed. Appx. 527 (6th Cir. 2019). The two of them were made jointly and severally liable for restitution to the IRS in the amount of $2,834,400.73. *Id.*; see also (Docket Entry #9-1, Judgment).

In this petition for relief, Petitioner asserts several alleged pre-trial and trial errors, including: ineffective assistance of counsel for his failure to call certain witnesses and to pursue an evidentiary hearing related to his PTSD and competency to stand trial; the Court's refusal to allow him to fire his attorney and to sever offenses; the conflicting testimony of IRS agent Williams who made one statement to the grand jury and then changed her story at trial and lied on the stand; the trial court's misreading of the jury instructions; and his counsel's admission to the Court that he lied about the answer of a handwriting expert. He requests that this Court reverse the Tennessee conviction and sentence. (Docket Entry #1, Petition)

Petitioner's appeal of his conviction to the Sixth Circuit Court of Appeals was pending at the time he filed this section 2241 action. Stinson challenged the district court's denial of his motion to sever Counts 12 and 13 (theft of government funds and aggravated identify theft), asserting that those counts did not involve similar conduct and that their joinder prejudiced him. (Docket Entry #9-2, Opinion). *See United States v. Stinson*, 761 Fed. Appx. 527 (6th Cir. 2019). Stinson also filed a *pro se* motion to file a supplemental brief, in which he argued ineffective assistance of counsel, denial of his request for new counsel, and his incompetence to stand trial. *Id.* By opinion dated January 22, 2019, the Sixth Circuit denied the motion because Stinson was

3

represented by counsel who filed a brief. *Id.* While the Court noted that it had previously addressed such *pro se* arguments in the past, Stinson's issues were undeveloped and no determination could be made as to the merits of the claims. *Id.* The court noted that his arguments were more appropriately resolved in the first instance on habeas review in district court, and it affirmed the district court's decision to deny severance. *Id.* The Sixth Circuit issued its mandate on February 13, 2019. (Docket Entry #9-3, Mandate) Petitioner filed this section 2241 habeas petition on February 12, 2019.

Respondent filed his Response on April 4, 2019, and contends that this matter should be dismissed due to Stinson's failure to pursue section 2255 relief in the sentencing district. (Docket Entry #9, Response) Stinson thereafter filed several Replies. (Docket Entries #13, 14, and 15) He has since filed a Motion for Release (Docket Entry #17) and a Motion to Appoint Counsel (Docket Entry #18).

For the foregoing reasons, the undersigned recommends that this Petition be denied and dismissed and that all pending motions be denied as moot.

Petitioner is not entitled to use this § 2241 proceeding to challenge the validity of his current federal sentence. Petitioner is incarcerated in this judicial district, but this is not the district where his federal conviction and sentence arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the

4

validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323. Accordingly, any claims challenging the validity of Petitioner's federal sentence should be directed to the Tennessee court that convicted and sentenced him or to the appropriate Court of Appeals (in this case, the Sixth Circuit).

No court has jurisdiction to hear such a challenge under § 2241 unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." *DeSimone*, 805 F.2d at 323 (quoting § 2255). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *Abdullah*, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas from being dismissed under the § 2255 exclusive remedy rule. Here, Petitioner is clearly challenging the validity of the sentence that was imposed by the Tennessee federal court. Such a challenge is appropriate under § 2255, and as previously noted, Petitioner has not sought such review in the Tennessee sentencing court, and he was advised by the Sixth Circuit Court of Appeals to do that in the first instance.

For the foregoing reasons, the Court concludes that habeas corpus relief pursuant to section 2241 is not available to Petitioner. Accordingly, this 28 U.S.C. § 2241 petition for writ

of habeas corpus (Docket Entry #1, Petition) should be denied. All pending motions should be denied as moot.

SO ORDERED this 7th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE